IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHASE COLLINS, | |
| Plaintiff, | Civil No. 1:16-cv-04684-RBK-JS |
| v. | **OPINION** |
| ARP RENOVATIONS AND MAINTENANCE, LLC, AND ANDREW POLLOCK, | |
| Defendants. | |

**KUGLER,** United States District Judge:

This Court now considers Defendants ARP Renovations and Maintenance, LLC ("ARP") and Andrew Pollock's ("Pollock") (collectively, "Defendants") Motion for Summary Judgment. (Doc. No. 22). For the reasons expressed below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

#### A. Factual Background[1]

This case arises out of a dispute between a roofing company and its salesman over allegedly unpaid minimum and overtime wages and commissions. Pollock[2] owns ARP,[3] a roofing business. (Compl. ¶ 5). In March 2014, Defendants hired Collins as a sales person to sell

---

[1] For the purposes of this motion, the Court resolves any disputed facts or inferences in favor of Chase Collins ("Collins"), the nonmoving party. *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 134-35 (3d Cir. 2013).
[2] Pollock resides at 56 Meadow View Court, Shamong, New Jersey 08088. (Compl. ¶ 3)
[3] ARP is a limited liability company located at 2171 Atco Avenue, Atco, New Jersey 08044. (Compl. ¶ 2)

1

roofing jobs. (Compl. ¶ 7; Pl.'s Ex. A at 16; Pl.'s Ex. C ¶ 3). Pollock was Collins's only supervisor. (Pl.'s Opp. at 2; Pl.'s Ex. C ¶ 5). Collins's job consisted of canvassing neighborhoods; that is, making cold calls to the homes of potential customers. (Pl.'s Opp. at 2; Pl.'s Ex. B at 13-14). Collins "reported to" Defendants' offices and used a vehicle provided by Defendants to make these sales calls at the homes of customers. (Pl.'s Opp. at 2; Pl.'s Ex. A at 56; Pl.'s Ex. C ¶ 6). Collins also sometimes performed emergency roofing services and roof patches. (Pl.'s Ex. C ¶ 7). The parties had a verbal agreement regarding compensation, though they dispute the terms of that agreement. (Pl.'s Ex. C ¶ 11; Defs.' Br. at 3). Both parties agree that Collins was paid commissions based on the number of sales he made. The commission structure itself is in dispute,[4] as are the number of hours Collins worked per week.[5]

Neither party disputes that Defendants paid Collins in a timely manner and in full from the time he was hired until March 2015. (Defs.' Br. at 2-3; Defs.' Ex. H at 22; Compl. ¶ 10; Pl.'s Opp. at 2). Nor do the parties dispute that Defendants fired Collins in August 2015. (Defs.' Br. at 2; Compl. ¶ 17). The parties' versions of the facts diverge, however, insofar as what occurred between March and August 2015. Defendants assert that Collins was paid in full between March and August 2015. (Defs.' Br. at 3; Defs.' Ex. I at 33). Collins claims that he is owed minimum and overtime wages for every week he worked in 2015,[6] and seven weeks that he was not paid between March and August. (Pl.'s Opp. at 3-4). Collins also claims that he is owed at least

---

[4] The precise details of the alleged commission structure are not material to the resolution of Defendants' motion.

[5] Defendants assert that Collins worked less than twenty hours per week, while Collins alleges that he worked at least fifty hours per week. (Defs.' Br. at 3; Defs.' Ex. I at 20; Pl. Opp. at 2; Pl.'s Ex. B at 13-14; Pl.'s Ex. C ¶ 12).

[6] Collins claims he was due at least $460.90 per week based upon an alleged fifty-hour work week and New Jersey's minimum wage of $8.38 per hour. (Pl.'s Ex. C ¶ 14). It is unclear how much money Collins actually received during those weeks in 2015.

2

$23,277.18 in commissions and a signing bonus combined. (Pl.'s Ex. C ¶¶ 26-31). Collins brought suit for unpaid minimum wages under the Fair Labor Standards Act ("FLSA") (Count I), unpaid overtime wages under the FLSA (Count II) and unpaid wages under the New Jersey Wage Payment Law ("NJWPL") (Count III).

### B. Procedural Background

Collins filed his complaint against Defendants for alleged violations of the FLSA, 29 U.S.C. § 201, *et seq.*, and the NJWPL, N.J. STAT. ANN. § 34:11–56, *et seq.* Defendants answered the complaint and asserted counter-claims against Collins.[7] (Doc. No. 7). On July 17, 2017, Defendants moved for partial summary judgment seeking dismissal of all of Collins's claims. (Doc. No. 22). Defendants' argument is largely based on Collins's failure to timely respond to Defendants' request for admissions, rendering the requests admitted. (Doc. No. 22 ¶ 15). Thus, Defendants assert, because Collins essentially admitted that he has no claim, he cannot establish a prima facie case under the FLSA or the NJWPL. Collins then filed a motion to withdraw and amend his admissions pursuant to Fed. R. Civ. P. 36(b). (Doc. No. 23). This Court granted that motion on August 22, 2017. (Doc. No. 26). We now turn to consider the issues remaining in Defendants' motion for partial summary judgment.

## II. JURISDICTION

Collins brings claims under the FLSA and the NJWPL. Accordingly, this Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the accompanying state law claim pursuant to 28 U.S.C. § 1367. Venue is appropriate pursuant to 28 U.S. § 1391.

---

[7] Defendants allege Harassment (Count I); False Light (Count II); Intrusion on Seclusion (Count III); and Appropriation of Name and Likeness (Count IV). (Def. Ans. at 6-11).

3

## III. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x 353, 354 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

IV. **DISCUSSION**

Defendants move for summary judgment on the following grounds: (1) Collins cannot establish a prima facie case for unpaid minimum or overtime wages under the FLSA or the NJWPL; (2) Collins cannot establish a prima facie case for unpaid wages under the NJWPL; and (3) Collins was an outside salesman exempt from the minimum wage and overtime provisions of the FLSA and the NJWPL. This Court will first examine, as a threshold matter, whether Collins was employed as an outside salesman exempt from the FLSA and the NJWPL minimum and overtime wage requirements.[8]

A. **Outside Salesman**

Defendants argue that Collins was employed as an outside salesman and was therefore exempt from the FLSA's minimum wage and overtime requirements. 29 U.S.C. § 206; 29 U.S.C. § 207.[9] Although Defendants' briefing on this issue amounts to one lonely paragraph—and their analysis consists of a single sentence—they assert that Collins was an outside salesman because he "made cold calls and worked in a sales capacity." (Defs.' Br. at 9). Collins counters that he was not an outside salesman because he reported to work at Defendants' business premises and

---

[8] New Jersey has adopted the federal regulations exempting outside salesmen from payment of minimum and overtime wages. *See* N.J.A.C. 12:56-7.2 (adopting 29 C.F.R. 541.500, defining outside sales employees under the FLSA). The analysis is the same for both statutes.
[9] The NJWPL also requires minimum and overtime wages. N.J.S.A. 34:11-56a4.

used Defendants' vehicle to make cold calls. (Pl.'s Opp. at 8). Collins further argues that he was not exclusively employed as a salesman because he also patched roofs and performed emergency services for customers. (Pl.'s Opp. at 9).

Under the FLSA, a worker "employed…in the capacity of an outside salesman" is exempt from eligibility for overtime pay and minimum wages. 29 U.S.C. § 213(a)(1). "Exemptions from the FLSA are to be narrowly construed against the employer, and the employer has the burden of establishing an exemption." *Pignataro v. Port Auth.*, 593 F.3d 265, 268 (3d Cir. 2009).

An outside salesman is an employee "(1) [w]hose primary duty is: (i) making sales…or (ii) obtaining orders or contracts for services…for which a consideration will be paid by the client or customer; and (2) [w]ho is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a). "'Sale' or 'sell' includes any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k). Accordingly, "an outside salesman is any employee whose primary duty is making any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 148 (2012). This exemption is extended to employees who "sell or take orders for a service, which may be performed for the customer by someone other than the person taking the order." 29 C.F.R. § 541.501(d).

29 C.F.R. § 541.700(a) further provides:

> The term 'primary duty' means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the

> relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

"In determining the primary duty of an outside sales employee, work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work." 29 C.F.R. § 541.500.

While the issue of how much time an employee spends doing exempt sales work is a question of fact, "the issue of whether particular activities exempt an employee from the FLSA is an issue of law." *Bouder v. Prudential Financial, Inc.*, Civ. A. No. 06-CV-4359 (DMC), 2010 WL 3515567, *4 (D.N.J. Aug. 31, 2010) (citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)). "Courts applying the outside salesperson exemption consider whether sales are made by the employee but also look for hallmark activities including (1) whether the employee generates commissions for himself through his work, (2) the level of supervision of the employee, (3) the amount of work done away from the employer's place of business, (4) whether the employee independently solicits new business, and (5) the extent to which the employee's work is unsuitable to an hourly wage." *Bouder*, at *4. In *Bouder*, summary judgment was granted because the plaintiffs' "deposition testimony demonstrate[d] that [the plaintiffs] were regularly engaged in making sales at the homes of customers, away from the employer's place of business." *Id.* at *5.

Here, Collins is ineligible for overtime pay and minimum wages under the FLSA and the NJWPL because he was employed as an outside salesman. Based upon Collins's own undisputed factual assertions—that he "canvassed neighborhoods door-to-door at least 50 hours per week,"—his primary duty was to sell orders for roofing services, and in so doing, he was

7

"customarily and regularly engaged away from [Defendants] place of business." (Pl.'s Opp. at 2); 29 C.F.R. § 541.500(a). It is immaterial that Collins reported to work at Defendants' premises and used Defendants' vehicle for these cold calls. The factors explicated in *Bouder* also support the finding that Collins was an exempt outside salesman because he generated commissions by selling contracts for roofing service and worked at least fifty hours per week away from Defendants' place of business. Put simply, Collins was exactly the sort of salesman the statutes are designed to exempt. Therefore, summary judgment is granted to Defendants as to Collins's claims for unpaid minimum and overtime wages under the FLSA and the NJWPL. Counts I and II are dismissed.

Count III is not dismissed. But the portions of Count III that raise the same questions regarding unpaid minimum and overtime wages under the NJWPL will not proceed. We address the remainder of Count III—Collins's claim for unpaid commissions under the NJWPL—next.

**B. Unpaid Commissions**

Defendants argue, without any specificity, that Collins cannot state a prima facie case under the NJWPL. Defendants assert generally that Collins was paid in full. Collins counters with evidence that he was due commissions on seventy-two sales that he made in June and July of 2015. There is evidence that the amount of unpaid commissions is either $0, or up to $23,277.18, depending on the resolution of the disputed commission structure.

Although unpaid commissions cannot be recovered under the FLSA,[10] the NJWPL provides that "every employer shall pay the full amount of wages due to his employees." N.J.S.A. 34:11-4.2. Wages are defined as:

---

[10] The FLSA only provides for wage recovery of minimum wage and maximum hour violations. 29 U.S.C. §§ 206, 207.

8

> the direct monetary compensation for labor or services rendered by
> an employee, where the amount is determined on a time, task,
> piece, or commission basis excluding any form of supplementary
> incentives and bonuses which are calculated independently of
> regular wages and paid in addition thereto.

N.J.S.A. 34:11–4.1. As stated, Collins has presented evidence that he is owed unpaid commissions in an amount that is materially disputed. As such, a reasonable jury could find that he is owed unpaid commissions. Because there is a genuine dispute as to the amount of unpaid commissions, summary judgment on this claim—the remainder of Count III—is denied.

### C. Individual Liability Under the FLSA and the NJWPL

Pollock seeks summary judgment as to any potential individual liability for unpaid wages under the FLSA and the NJWPL. Because this Court found that Collins was an outside salesman under the FLSA, no claims under the FLSA remain. Accordingly, Pollock cannot be individually liable under the FLSA, so this Court grants summary judgment in Pollock's favor on Counts I and II.

The NJWPL, however, provides that "the officers of a corporation and any agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation." As the owner of ARP, Pollock may be individually liable for payment of unpaid wages under the NJWPL. *See, e.g.*, *Mulford v. Computer Leasing, Inc.*, 759 A.2d 887, 891 (N.J. Super. 1999) ("The [NJWPL] imposes personal liability on the managing officers of a corporation by deeming them the employers of the employees of the corporation"). Therefore, summary judgment is denied as to Count III.

### V. CONCLUSION

For the forgoing reasons, Defendants' motion for summary judgment is **GRANTED IN PART** with respect to Counts I and II, and for unpaid minimum and overtime wages under the NJWPL (part of Count III). Defendants' motion for summary judgment is **DENIED** as to the

claim for unpaid commissions (the remainder of Count III). An appropriate order accompanies this opinion.

Dated:   03/13/2018                                   s/Robert B. Kugler  
                                                                                                          ROBERT B. KUGLER  
                                                                                                         United States District Judge